**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2737-15T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DAVID AMODIO,

    Defendant-Appellant.

_____

          Submitted June 6, 2017 — Decided June 26, 2017

          Before Judges Yannotti and Sapp-Peterson.

          On appeal from Superior Court of New Jersey,
          Law Division, Camden County, Indictment No.
          01-12-3700.

          David Amodio, appellant pro se.

          Mary Eva Colalillo, Camden County Prosecutor,
          attorney for respondent (Nancy P. Scharff,
          Assistant Prosecutor, of counsel and on the
          brief).

PER CURIAM

    Defendant David Amodio appeals from an order of the Law

Division dated January 25, 2016, which denied his motion to vacate

an order entered on December 9, 2015, denying his second petition

for post-conviction relief (PCR) without prejudice. We affirm.

We briefly summarize the relevant facts and procedural history. A Camden County grand jury charged defendant with first-degree murder of Kollin Pimental (Kollin), N.J.S.A. 2C:11-3(a)(1) or (2) (count one); first-degree murder of Lisa Pimental (Lisa), N.J.S.A. 2C:11-3(a)(1) or (2) (count two); first-degree felony murder of Kollin, N.J.S.A. 2C:11-3(a)(3) (count three); first-degree felony murder of Lisa, N.J.S.A. 2C:11-3(a)(3) (count four); first-degree aggravated arson, N.J.S.A. 2C:17-1(a)(1) (count five); third-degree hindering his own apprehension or prosecution, N.J.S.A. 2C:29-3(b)(1) (count six); and fourth-degree contempt of a domestic violence restraining order, N.J.S.A. 2C:29-9(b) (count seven).

Defendant was tried before a jury. We summarized the evidence presented at trial in our opinion on defendant's direct appeal. State v. Amodio, 390 N.J. Super. 313, 318-22 (App. Div.), certif. denied, 192 N.J. 477 (2007). As we noted in that opinion, the evidence showed that shortly after midnight on October 29, 2000, a fire was reported at a home in Sicklerville, where defendant had been living with Lisa and Kollin, her son by a previous marriage. Id. at 318. Defendant was found on the ground nearby. Id. at 319. His clothes were on fire. Ibid.

Lisa and Kollin's burned bodies were found in the first-floor kitchen, and parts of a broken hammer were found near Lisa's body.

Ibid.  The Camden County medical examiner determined that Lisa did not die of asphyxiation due to fire, but rather from a depressed skull fracture that caused bleeding and bruising to the brain. Ibid. The medical examiner also determined that Kollin died of smoke inhalation and thermal burns. Ibid.

An investigation was conducted as to the cause of the fire. Id. at 320. The investigators determined that an accelerant and open flame had been used to start the fire, which began on the first floor and traveled to the second floor. Ibid. Tests performed on defendant's clothing revealed a residue of gasoline. Ibid. Kollin's blood was found on defendant's socks and pants, and Lisa's blood was found on defendant's pants and left sneaker. Ibid.

Defendant testified that on September 29, 2000, he moved into the Sicklerville home with Lisa and Kollin. Id. at 321. Several weeks later, defendant and Lisa had a dispute, and Lisa obtained a domestic violence restraining order, which precluded defendant from having any contact with her. Ibid. The restraining order later was extended to November 27, 2000. Id. at 322.

On the morning of October 28, 2000, defendant gave Lisa money for a car payment, purchased new tries for her car, and helped Lisa and Kollin decorate the house for Halloween. Ibid. After they had dinner, Lisa brought Kollin upstairs to bed. Ibid. According to defendant, he did not have sexual relations with Lisa because

he was tired and could not "do it." Ibid. Defendant said Lisa gave him the "cold shoulder" and stopped speaking to him. Ibid.

After midnight, defendant decided to leave the house. Ibid. He went to the shed at the rear of the house to collect some tools. Ibid. Defendant was in the shed for about fifteen minutes, and then went to his car. Ibid. He said he was returning to the shed when he observed the fire. Ibid. He denied that he did anything to harm Lisa or Kollin. Ibid.

The jury found defendant not guilty of Kollin's murder (count one), but guilty of the lesser-included offense of first-degree aggravated manslaughter. Ibid. The jury also found defendant not guilty of Lisa's murder (count two), but guilty of the lesser-included offense of second-degree passion/provocation manslaughter. Ibid.

In addition, the jury found defendant guilty of felony murder of Kollin (count three); not guilty of felony murder of Lisa (count four); not guilty of first-degree arson (count five), but guilty of the lesser-included offense of third-degree arson; guilty of hindering his own apprehension or prosecution (count six); and guilty of contempt (count seven). Id. at 322-23.

At sentencing, the judge merged counts one and five with count three and sentenced defendant to life imprisonment on count three, with a thirty-year period of parole ineligibility. Id. at

331. The judge imposed a consecutive term of ten years on count two, with a period of parole ineligibility as prescribed by the No Early Release Act (NERA), <u>N.J.S.A.</u> 2C:43-7.2. <u>Ibid.</u> The judge also imposed concurrent terms of four years of incarceration on count six and nine months on count seven. <u>Ibid.</u>

Defendant appealed from the judgment of conviction and raised the following arguments:

> I. THE ITEMS SEIZED AFTER THE CHIEF FIRE MARSHALL FOUND TWO BODIES IN THE BURNED HOME SHOULD HAVE BEEN SUPPRESSED BECAUSE THE STATE DID NOT OBTAIN A SEARCH WARRANT AND NO EXIGENT CIRCUMSTANCES WERE PRESENT.
>
> II. THE ADMISSION OF THE TEMPORARY RESTRAINING ORDER PRECLUDED THE DEFENDANT FROM RECEIVING A FAIR TRIAL WHERE THE TRIAL COURT'S LIMITED INSTRUCTION FOCUSED THE JURY'S ATTENTION ON THE DEFENDANT'S PROPENSITY TO COMMIT THE MURDER OF HIS GIRLFRIEND. (Not raised below).
>
> III. THE DEFENDANT'S CONVICTIONS ARE AGAINST THE WEIGHT OF THE EVIDENCE AND SHOULD BE SET ASIDE BECAUSE THE JURY FAILED TO RECOGNIZE EVIDENCE POINTING TO REASONABLE DOUBT.
>
> IV. A TRIAL COURT MUST, UNDER THE NEW RULE OF LAW, WEIGH THE AGGRAVATING AND MITIGATING FACTORS UNENCUMBERED BY THE PRESUMPTIVE STATUTORY TERM WHEN SENTENCING THE DEFENDANT. (Not raised below).
>
> V. THE TRIAL COURT ERRED IN IMPOSING A CONSECUTIVE TERM WHERE IT DETERMINED THE CRIMES REMOTE AND INDEPENDENT FROM ONE ANOTHER.
>
> VI. UNDER THE PRE-AMENDMENT STATUTE, NERA DOES NOT APPLY TO A HOMICIDE WHICH WOULD OTHERWISE

5

BE MURDER BUT FOR ITS COMMISSION IN THE HEAT
OF PASSION. (Not raised below).

We affirmed defendant's convictions and the sentences on counts three, six, and seven, but remanded the matter for re-sentencing on count two. Id. at 334. The trial court thereafter sentenced defendant on count two to a consecutive term of seven years of incarceration, with a NERA period of parole ineligibility. The Supreme Court thereafter denied defendant's petition for certification. Amodio, supra, 192 N.J. at 477.

On October 19, 2007, defendant filed a pro se petition for PCR. The court appointed counsel to represent defendant, and counsel filed a brief in support of the petition. The PCR court found that defendant's claims were barred by Rule 3:22-4 because they could have been raised on direct appeal, and his challenge to the sentence was barred by Rule 3:22-5 because that issue had been decided in defendant's direct appeal. The court nevertheless addressed and rejected defendant's claims that he was denied the effective assistance of trial and appellate counsel.

Defendant appealed from the order denying PCR and raised the following arguments:

POINT I
DEFENDANT'S PCR PETITION WAS NOT PROCEDURALLY
BARRED

POINT II
DEFENDANT'S CONVICTIONS MUST BE REVERSED BECAUSE HE WAS DENIED EFFECTIVE ASSISTANCE OF TRIAL AND/OR APPELLATE COUNSEL; IN THE ALTERNATIVE, THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING BECAUSE A <u>PRIMA FACIE</u> CASE OF INEFFECTIVENESS WAS ESTABLISHED

A. <u>Trial counsel "Opened The Door" To "Other Crimes, Wrongs, Or Acts" Evidence And Appellate Counsel Failed to Raise This Issue on Direct Appeal</u>

B. <u>Appellate Counsel Failed to Raise Jury Intrusion By An Extraneous Influence</u>

Defendant filed a supplemental pro se brief in which he argued that: (1) he was denied the effective assistance of trial and/or appellate counsel because counsel failed to argue that the State's opening and closing arguments were improper; (2) he was denied the effective assistance of trial counsel because the trial court failed to properly charge the jury as to its duty to continue to deliberate and failed to correct the jury's impression that they had to reach a verdict; and (3) the trial court imposed an illegal consecutive sentence.

We rejected these arguments and affirmed the denial of defendant's PCR petition. <u>State v. Amodio</u>, No. A-4350-10 (App. Div. Nov. 5, 2012). The Supreme Court later denied defendant's petition for certification. <u>State v. Amodio</u>, 213 <u>N.J.</u> 538 (2013).

On July 23, 2015, defendant filed a pro se second PCR petition. Defendant alleged that he was denied the effective

assistance of counsel. He also sought relief on the basis of newly discovered evidence. Defendant asked the PCR court to assign counsel to represent him. He also sought an evidentiary hearing on his petition.

Attached to defendant's petition was a copy of an article regarding a criminal case in Ohio that was published in The Trentonian on February 1, 2012. The article stated that the defendant in the Ohio case was challenging his arson conviction based on certain "advances in the science of fire investigation[.]"

The PCR court filed a letter opinion dated December 9, 2015, and concluded that the petition must be denied. The judge noted that defendant had asserted a claim of newly discovered evidence, but he had not provided any proof of this evidence for the court to consider. The judge pointed out that defendant had only presented a copy of a newspaper clipping, which generally discussed innovations in arson investigations. The judge stated that defendant has not provided any proof as to "how any such advancements have any bearing on [his] case."

The judge also found that Rule 3:22-12(a)(2) precluded the court from considering the second PCR petition because the claims did not come within the purview of the three circumstances in which a second or subsequent PCR petition may be filed. The judge

also determined that defendant had not presented a cognizable claim of ineffective assistance of counsel.

The judge also noted that Rule 3:22-5 precluded defendant from asserting claims of ineffective assistance of counsel that were previously denied on the merits, and Rule 3:22-4 barred defendant from asserting claims that could have been raised in his first PCR petition. The judge memorialized her decision in an order dated December 9, 2015.

Thereafter, defendant filed a motion in the PCR court seeking to vacate the December 9, 2015 order and reinstatement of the petition. The judge filed a letter/order dated January 25, 2016, denying the motion. The judge wrote that defendant had not raised a substantial issue of fact or law, which would warrant assignment of counsel, and there was no factual support for the claim of newly discovered evidence. The judge reiterated that the claims were time-barred, and defendant had not raised any constitutional issue "which would justify setting aside the procedural rules in the interests of justice."

On appeal, defendant raises the following arguments:

> [POINT] I
> THE PCR COURT ERRED IN DENYING PETITIONER'S PETITION, BECAUSE PETITIONER'S CONVICTION WAS SECURED IN VIOLATION OF HIS STATE AND FEDERAL CONSTITUTIONAL RIGHTS AND COUNSEL SHOULD HAVE BEEN ASSIGNED, TO REPRESENT THE MATTER.

THE LOWER COURT ERRED IN FINDING PETITIONER'S
SECOND POST-CONVICTION RELIEF PETITION TIME
BARRED.

We have thoroughly reviewed the record and conclude that defendant's arguments are entirely without merit. We affirm the denial of defendants' second PCR petition substantially for the reasons stated by the PCR judge in her letter opinions of December 9, 2015, and January 25, 2016. We add the following brief comments.

As noted, in his petition, defendant raised a claim of newly discovered evidence. In support of that claim, defendant submitted to the PCR court a copy of an article that was published in The Trentonian on February 1, 2012. The article refers to certain "advances in the science of fire investigation[.]"

In his brief on appeal, defendant has included an article which apparently was found on the National Public Radio (NPR) Internet website, entitled "Arson Forensics Set Old Fire Myths Ablaze." The article discusses new research on how fires start and burn. The NPR article states in part that "[i]n recent years, fire researchers and the changes to fire investigations have shattered dozens of arson myths as the science behind arson forensics continues to evolve."

The NPR article was not, however, presented to the trial court. Therefore, the article is not a part of the record on

10

appeal. R. 2:5-4(a) (noting that the record on appeal consists of "all papers on file in the court or courts or agencies below"). Thus, the record is limited to the article published in The Trentonian in February 2012. The PCR court correctly determined that this article was insufficient to support defendant's claim.

When a defendant seeks a new trial on the basis of newly discovered evidence, the defendant must show that the new evidence is "(1) material to the issue and not merely cumulative or impeaching or contradictory; (2) discovered since the trial and not discoverable by reasonable diligence beforehand; and (3) of the sort that would probably change the jury's verdict if a new trial were granted." State v. Smith, 224 N.J. 36, 49 (2016) (quoting State v. Nash, 212 N.J. 518, 549 (2013)). The PCR court correctly found that defendant did not meet this criteria.

The newspaper article is not competent evidence as to the alleged improvements in arson investigations. Defendant did not present any competent proof of the alleged improvements in arson investigations or how such innovations had any bearing on his case. Therefore, defendant has not shown that the purported newly-discovered evidence is material, or that it would probably change the jury's verdict if a new trial were granted.

Defendant also alleged that he was denied the effective assistance of counsel in his first PCR petition. In order to

prevail on such a claim, the defendant must meet the two-prong test established in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). Defendant is required to show that his attorney's handling of the matter was deficient, and that he was prejudiced by his attorney's deficient performance. Strickland, supra, 466 U.S. at 687, 104 S. Ct. at 2064, 80 L. Ed. 2d at 693.

Here, defendant has not explained the factual basis for his claim. As the judge noted, defendant has not "stated how or on what grounds [he was] denied the effective assistance of [PCR] counsel." A defendant must "allege specific facts and evidence" to support a claim of ineffective assistance of counsel. State v. Porter, 216 N.J. 343, 355 (2013). He "must do more than make bald assertions that he was denied the effective assistance of counsel." Ibid. (quoting State v. Cummings, 321 N.J. Super. 154, 170 (App. Div.), cert. denied, 162 N.J. 199 (1999)).

We have considered defendant's other arguments, and conclude that they are without sufficient merit to warrant discussion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION